ERVIN, Chief Justice
(dissenting).
In its return to the writ to show cause heretofore issued, the State factually acknowledges that counsel appointed to represent petitioner in directly appealing his second degree murder conviction was permitted to withdraw after filing a motion requesting same,, in which counsel asserted no reversible error appeared in the record, and that in his opinoin, further action in the matter would be frivolous. The State’s return also evidences counsel’s request for leave to withdraw was not accompanied by a brief referring to anything in the record that might arguably support petitioner’s appeal, even though in a letter addressed to the court prior to filing said motion to *2 withdraw, counsel advised he would file such a brief. See State’s Return, Exhibit 8. The record further verifies petitioner requested, and was denied, the appointment of another attorney after his first appointed counsel was permitted to withdraw. After denial of this request, petitioner proceeded pro se to file his brief and otherwise present his appeal to the District Court.
I cannot distinguish the present procedure from the no-merit letter procedure condemned in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, where the court stated:
“ * * * His [counsel’s] role as advocate requires that he support his client’s appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination’ of it, he should so advise the court and request permission to withdraw. That request must, however, he accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court— not counsel — then proceeds, after full examination of all the proceedings, to decide whether the case is wholly frivolous. * * *” (Emphasis supplied.) 386 U.S. at 744, 87 S.Ct. at 1400.
As I construe the Anders decision, it imposes, through operatives of equal protection, the procedures above described as minimum requirements to “assure penniless defendants the same rights and opportunities on appeal — as nearly as is practicable —as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.” Id. at 745, 87 S.Ct. at 1400. To the extent the procedures employed or permitted in the instant case do not measure up to the minimum requirements of Anders, I view them as constitutionally defective and subject to collateral attack. Accordingly, I would quash the decision of the Disrtict Court affirming petitioner’s conviction, and require reinstatement of petitioner’s appeal in that court, with directions to said District Court to enter whatever orders are necessary to dispose of such appeal proceeding in conformity with the requirements of Anders v. California, supra.